UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARY EVELYN SENECAL,

    Plaintiff,

v.                                Case No. 4:19-cv-414-MW/MJF

STARBUCKS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Plaintiff's failure to respond to the undersigned's order to show cause. For the reasons set forth below, the undersigned recommends that this civil action be dismissed without prejudice for failure to pay the filing fee and failure to comply with three court orders.[1]

**I.**     **Background**

On August 26, 2019, Plaintiff, a non-prisoner proceeding *pro se*, commenced this action alleging that "Starbucks is owned by me Mary Senecal—opened with stolen bank money—they franchised Starbucks in Seattle, Washington." (Doc. 1 at

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

4). Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). In that motion, Plaintiff indicated that she had approximately $3,000 in a saving account, and that her monthly income exceeded her monthly expenses. (*Id.*).

On August 27, 2019, the undersigned denied Plaintiff's motion for leave to proceed *in forma pauperis*. (Doc. 4). The undersigned directed Plaintiff to pay the filing fee on or before September 27, 2019. (*Id.*). The undersigned warned Plaintiff that her failure to comply with the court order likely would result in dismissal. (*Id.*). This order was returned marked "return to sender, vacant, unable to forward." (Doc. 5).

After the time to comply had elapsed, the undersigned issued an order directing Plaintiff to explain why she failed to comply with the undersigned's order. (Doc. 6). The undersigned provided Plaintiff until October 22, 2019, to respond. (*Id.*). The undersigned again warned Plaintiff that her failure to respond likely would result in dismissal. (*Id.*). Plaintiff failed to respond and the undersigned issued a second order to show cause. (Doc. 7). The undersigned imposed a deadline of November 13, 2019 and warned Plaintiff for a third time that her failure to comply likely would result in dismissal. (*Id.*). This order was returned undeliverable. (Doc. 8). As of the date of this report and recommendation, Plaintiff has failed to comply with three orders.

## II.     Discussion

The undersigned recommends that this court dismiss Plaintiff's complaint in light of Plaintiff's failure to: (1) pay the filing fee; and (2) comply with three court orders.

### A.     Failure to Pay Filing Fee

Rule 5.3 of the Local Rules for Northern District of Florida provides in relevant part: "A party who files or removes a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis*." N.D. Fla. Loc. R. 5.3. Section 1914 authorizes the clerk of each district court to collect a filing fee from the party instituting any civil action, suit or proceeding in the district court. 28 U.S.C. § 1915.

A court may dismiss an action for failure to pay the filing fee so long as the court first affords the plaintiff an opportunity to explain the failure. *See Wilson v. Sargent*, 313 F.3d 1315, 1320-21 (11th Cir. 2002); *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014). Additionally, Local Rule 41.1 for the Northern District of Florida provides that the court may dismiss a claim if a party fails to comply with an applicable rule or court order.

The undersigned directed Plaintiff to pay the filing fee in accordance with the Local Rules of the Northern District of Florida. The undersigned specifically warned Plaintiff that her failure to pay the filing fee likely would result in dismissal. After

Plaintiff failed to pay the filing fee, the undersigned issued two orders to show cause and provided Plaintiff an opportunity to explain her failure. As of the date of this report and recommendation, Plaintiff has not paid the filing fee and has not offered an explanation for this failure. Therefore, the undersigned recommends that this action be dismissed for Plaintiff's failure to pay the filing fee.

**B.     Failure to Comply with Three Court Orders**

Plaintiff's failure to comply with three court orders is yet another reason to dismiss this case. "A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim if a party fails to comply with an applicable rule or court order).

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may

*sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1) The duration of Plaintiff's failure to comply.** On August 27, 2019, the undersigned directed Plaintiff to pay the filing fee by September 27, 2019. (Doc. 4) Plaintiff did not pay the filing fee by the deadline. Thus, Plaintiff has not complied with that court order since September 27, 2019.

**(2) Plaintiff's failure to comply with three court orders.** The Plaintiff has failed to comply with three court orders:

    a.    the order issued on August 27, 2019;

    b.    the order issued on October 1, 2019; and

    c.    the order issued on October 23, 2019.

**(3) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned warned Plaintiff three times that failure to comply with the respective orders likely would result in dismissal. (Docs. 4, 6, 7). *See Moon v.*

*Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Despite these warnings, Plaintiff has not complied with the undersigned's orders.

**(4) Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because dismissal would be without prejudice, Plaintiff may elect to refile her claim should she choose to pursue it in the future. Thus, dismissal would not result in substantial prejudice to her.

**(5) The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded an opportunity to be heard and has received due process. The court's need to ensure that filing fees are paid, that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs Plaintiff's interest in having this case remain open.

**(6) The public policy favoring disposition of cases on their merits.** Plaintiff has not made any effort to pay the filing fee or prosecute this action. Upon filing a *pro se* complaint, the clerk of the court informed Plaintiff that she was required to notify the clerk of the court in writing if Plaintiff's mailing address changed. Plaintiff has not notified this court of any change in her address. Assuming that her address has changed, Plaintiff's failure to receive and comply with the undersigned's

respective orders was entirely Plaintiff's fault. *Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (noting that Plaintiff's "failure to receive the court's prior order, and his failure to comply with that order was 'entirely' his own fault" because he failed to keep the court apprised of his current address").

The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition, the need to ensure that filing fees are paid, and the need to ensure compliance with court orders.

**(7) The fact that any lesser sanction would be inefficacious.** Plaintiff has failed to comply with three court orders. Her past conduct suggests that she likely would ignore any further orders to comply. Dismissal without prejudice is an appropriate sanction to address the important interests discussed above.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be dismissed for failure to pay the filing fee and for failure to comply with three court orders.

2. The clerk of the court be directed to close the case.

At Panama City Beach, Florida, this 3rd day of December, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.